## H. W. JONES *v.* W. R. BRANDON ET AL.

1. INJUNCTION. *Against execution of judgment. Irreparable injury. Chancery practice.*

    B. recovered a judgment in ejectment against J. for the possession of a certain town lot. A writ of *habere facias possessionem* was issued thereon and placed in the hands of the sheriff. J. offered to surrender possession of what he regarded as the lot mentioned in the writ, but B. contended that the boundary of the lot extended beyond the line recognized by J. and embraced, in addition to the land that J. proposed to surrender, a part of the dwelling-house in which J. resided and some of the out-houses used by him. The sheriff announced his intention of executing the writ as directed by B., and thereupon J. filed a bill in chancery to enjoin the execution of the writ until the true boundary lines of the lot should be judicially determined, and praying for an order for the survey of the lot. A temporary injunction was granted. The bill, which alleged the facts here recited, was met by an answer from B. denying under oath the equities thereof, and a motion to dissolve the injunction was sustained by the chancellor. *Held*, that the allegations of the bill, if true, show that irreparable injury would have resulted to the complainant by the execution of the writ of *habere facias possessionem*, and the injunction should not have been dissolved upon motion.

2. SAME.   *Chancery pleading.   Presumption against answer.*

As the answer of the defendant in the case above 'stated fails to aver that the question of the location of the boundary-lines of the lot in controversy was litigated in the action of ejectment, it must be presumed that the only issue presented and determined was as to the title to the lot.

3. SAME.   *Answer denying equities of bill.   Motion to dissolve.   Rule and exception.*

The rule that an injunction will be dissolved upon motion, when the equities are distinctly denied by a sworn answer, is subject to the exception of cases where serious or irreparable injury would be done to the complainant by a dissolution of the injunction, while that to the defendant by its retention would be slight and easily recompensed; and the case above stated falls within this exception.

APPEAL from the Chancery Court of Wilkinson County.

Hon. H. S. VAN EATON, Chancellor.

The case is stated in the opinion of the court.

*C. P. Neilson*, for the appellant.

The injunction was properly granted in the first instance, and should have been continued to the final hearing.   Appellant alleges great injury about to be done him.   He does not use the word "irreparable;" but states facts, and the law draws the conclusion that it is irreparable.   The execution of the writ according to direction of Brandon, necessitates the cutting in two and partial destruction of his dwelling-house and three out-houses.   "By the term 'irreparable injury' it is not meant that there must be no physical possibility of repairing the injury.   All that is meant, is that the injury would be a grievous one, or at least a material one and not adequately reparable by damages at law; and by the term 'the inadequacy of the remedy by damages,' is meant that the damages obtainable at law are not such a compensation as will, in effect, though not in specie, place the parties in the position in which they formerly stood."   "The fact that the amount of damages cannot be accurately ascertained, may constitute irreparable damages."   Kerr on Inj. 200.   The bill discloses what will be "irreparable injury," according to the above. "The irreparable or at least serious nature of the mischief to which the property may be exposed before a de-

cision on the legal right can be had, is the equity on which the interference of the court is founded." Kerr on Inj. 199. The facts set out in the bill which constitute this "equity" are not denied by the answer. "The jurisdiction of courts of equity is not confined to the protection of equitable rights, but extends to the protection of legal rights to property from damage pending litigation. This is a part of the original and proper office of a court of equity. In exercising the jurisdiction the court does not pretend to determine legal rights to property, but merely keeps it in its actual condition until the legal title can be established." Kerr on Inj. p. 197, sect. 1. The appellant is without remedy at law. He cannot have an order for a survey, for no provision is made for it in law courts, except before judgment. There was then no necessity for it, for the dispute then was not as to boundaries, but as to title, not as to what was lot 43, but whose was lot 43.

*Frank Johnston,* on the same side.

It is undoubtedly true that a court of equity will not ordinarily restrain the commission of a trespass by injunction. And it is equally true, on the other hand, that it will interpose in many exceptional cases. One of those cases is where the injury threatened cannot be adequately and fairly compensated by money damages in an action at law. Thus an injunction will lie pending an action *quare clausum;* and, when the plaintiff gets a general judgment, is entitled to have the injunction made perpetual. 1 High on Inj., sect. 650; *Hill* v. *Bowie,* 1 Bland, 593. In *Wilson* v. *The City of Mineral Point,* 39 Wis., and injunction was granted to restrain a trespass on land involving an injury to or destruction of fences, fruit trees and ornamental trees around the residence and homestead of the complainant. The rule cannot be more precisely defined or illustrated. And each case would have to be adjudged on its own peculiar features.

*D. C. Bramlett* and *T. V. Noland,* for the appellees.

The injunction was properly dissolved, for there is no equity

in complainant's bill. The writ of *habere facias possessionem* must be executed by the sheriff under the direction of the plaintiff, and to protect himself the sheriff may first demand indemnity. The manner of executing the writ is, for the plaintiff to point out the land of which possession is to be given him, and if the sheriff gives possession of any lands not included in the writ he will, be a trespasser. Crocker on Sher., sect. 572. Herman on Ex., sect. 351. "For should he take possession for more than he has recovered and proved title to, the courts will, in a summary manner, interpose and set it right. They will also, if neccessary, interfere before the execution of the writ, and restrain the plaintiff from taking possession of more than he is entitled; and compel him to make restitution of that part not included in the plaintiffs titles." Herman on Ex., sect. 351. The sheriff, defendant Miller, had demanded and obtained indemnity. The defendants proposed to execute the writ in the manner authorized by law, and the complainant's remedy for any damages sustained by reason thereof is full and complete at law, and in such cases a court of equity has no jurisdiction. Adams' Eq. * 210, gives the rule thus: "If it be a mere ouster or temporary trespass, the recovery of the lands by an action of ejectment, or of pecuniary damages by an action of trespass, are sufficient remedies and the injunction will not lie." 3 Dan. Ch. Pr. 1844, 1845, says: "But it is to be remembered that after a judgment an injunction will not be granted, except in those cases where there has been fraud or collusion in obtaining a verdict, or where the party has been unable to defend himself effectually at law, without any fault of his own," etc. A judgment for the recovery of lands is here rendered, no element of equity is set up, and a full and complete remedy exists at law. The authority cited by counsel for appellant is applicable only in cases to prevent injury, etc., to property "before a decision on the legal right can be had." Kerr on Inj. 197, 199. We also find the equities of complainant's bill completely and positively denied by the

answer. The basis of complainant's complaint is that appellees are about to take possession of a part of his lands and houses, and this is positively denied, and for this reason, if for no other, this injunction should be dissolved.    8 Smed. & M. 92 ; 52 Miss. 508.

COOPER, J., delivered the opinion of the court.

The appellee recovered in an action of ejectment a judgment against the appellant for the possession of lot 43, in the town of Pinckneyville.  A writ of *habere facias possessionem* was issued and placed in the hands of the sheriff of Wilkinson County for execution.  The appellant offered to surrender possession of what he claimed to be lot 43, but the appellee, contending that the northern boundary of said lot was north of the line pointed out by the appellant, demanded possession to be delivered to him up to that line.  This line passes through the residence and some of the out-houses on the premises occupied by the appellant.  The sheriff demanded and received from the appellee a bond of indemnity, and thereupon announced his purpose to be to execute the writ as directed by him, whereupon the appellant exhibited this bill to enjoin such execution of the writ until the true lines of lot 43 should be judicially determined, and that this might be done he prayed that an order for survey should be made by the Chancery Court, and the line fixed by its decree.  An injunction was granted, but upon the coming in of the answer of the defendant, asserting the line pointed out by him to the sheriff to be the true line, a motion was made to dissolve the injunction on bill and answer, which motion was sustained and the injunction dissolved.  From the decree of dissolution this appeal is prosecuted.

The jurisdiction of courts of equity to grant relief against trespasses by injunction is but an extension of the principle under which they act in preventing the perpetration of waste, and though the power is sparingly and cautiously exercised, its use is now extended to a variety of cases in which formerly

the injured party would have been left to his action at law to recover damages for the wrong.

The courts have declined to lay down any rule which might restrain them from the consideration of the particular facts of each case ; it is usual, however, for them to decline to interfere by injunction unless the injury threatened is serious and irreparable.

In determining what is an irreparable injury, regard is had not only to its magnitude but to its character, and it is irreparable in the sense here meant when the plaintiff could not be recompensed by a recovery of damages at law. For the destruction or injury of property, as to which there is no *pretium affectionis*, whether its value be great or small, the owner may be ordinarily fully compensated by a recovery of its value, or of an amount commensurate with the injury done ; but there are rights, which though exercised over property and dependent on it, the violation of which cannot be adequately redressed by any recovery of a mere sum of money. Of this character is that of preserving inviolate ground used as a family or church burial ground, trespasses on which will be restrained. *Beaty* v. *Kurtz*, 2 Pet. 566 ; *Mooney* v. *Cooledge*, 30 Ark. 640.

Another class of cases to which such relief will be extended, because of the uncertainty of the *quantum* of the injury which would be inflicted, is that of rights secured by patent and copyrights.   High on Inj., sects. 934, 988.

The decisions of the English courts upon this question were reviewed by Kindersley, V. C., in the case of *Lounds* v. *Bettle*, 33 L. J. Ch. 451. The cases were classified by him first in reference to the possession of the party seeking the relief, and he states the rule to be that the remedy is afforded more liberally to a complainant in possession to protect that possession, than to one out of possession to protect the property until possession can be recovered by law.   A subordinate classification is also made by him of the cases in which the complainant is in possession, based upon the

character of the party by whom the injury is threatened, and a more liberal rule, it is said, applies against one claiming under color of right than against a mere trespasser. "Where, therefore, the plaintiff is in possession, and the person doing the acts complained of is an utter stranger, not claiming under color of right, the tendency of the court is not to grant an injunction, unless there are special circumstances, but to leave the plaintiff to his remedy at law, though when the acts tend to a destruction of the estate the court will grant it. But when the party in possession seeks to restrain one who claims by adverse title, then the tendency will be to grant the injunction, at least when the acts done either did or might tend to the destruction of the estate."

The injury threatened to complainant (appellant) is not alone such as would usually be inflicted by the deprivation of the possession of a certain quantity of land for which compensation might be fixed and recovered, but it includes also the invasion of his domestic privacy, by dividing his residence and out-buildings and placing them in the possession of the appellee.

Such an injury cannot be recompensed by any recovery of a mere sum of money. The mere rental value of the property so taken, the deprivation of its use, would be but insignificant elements for consideration, and yet, if the demand and intrusion of the appellee should appear to have been wrongfully but honestly made, they would be the standard by which appellant's injury would be measured in an action at law. Under these circumstances we think the injury threatened is irreparable in that sense which warrants the interposition of equitable relief.

It is said, however, that complainant had the opportunity of defending his possession in the action at law which resulted in a judgment against him, and that having failed to avail himself of it, he cannot now invoke the aid of chancery. But the record does not show, it is not averred in the answer of the appellee, that the question of the location of the boundary

lines of lot 43 was litigated in that action.   If such is the fact, it should have been disclosed; and, in the absence of any evidence to establish it, we must persume that the only issue presented or determined in the suit at law was that of title to the lot, as to which question no controversy is now made.

The appellee also invokes the rule that an injunction will be dissolved when the equities of the bill are distinctly denied by a sworn answer.   This case, we think, falls within that exception to this rule, which is, that when a serious or irreparable injury would be done to the complainant by a dissolution of the injunction, while that to the defendant by its retention would be slight and easily recompensed, the injunction should be retained until final hearing, even though the answer denies the equity of the bill.

The decree dissolving the injunction is reversed, the injunction is reinstated and the cause remanded to be proceeded with in the court below.