### LA CHAPELLE v. BUBB et al.

(Circuit Court, D. Washington, E. D. July 2, 1894.)

ALLOTMENT TO INDIANS OF LAND ENTERED FOR HOMESTEAD — INDIAN AGENT —INJUNCTION.

Land entered by complainant under the homestead law, on which he had made valuable improvements, was included by the government in allotments made to certain Indians in fulfillment of a treaty stipulation, and his homestead filing was canceled. *Held* that, the land not being within the boundaries of an Indian reservation, an Indian agent had no authority to eject complainant therefrom forcibly, and that complainant's possession should be protected by injunction pending a determination of the validity of his claim.

This was a suit by Alfred W. La Chapelle against Capt. John W. Bubb, U. S. A., as Indian agent of the Colville Indian Agency, and certain Indian defendants, for an injunction to restrain said Indian agent from forcibly dispossessing the complainant of land which he claimed as a settler under the homestead law of the United States. Complainant moved for an injunction pendente lite.

T. M. Reed, Jr., for complainant.

Wm. H. Brinker, U. S. Atty., and F. C. Robertson, Asst. U. S. Atty., for defendants.

HANFORD, District Judge. The land in controversy is not within the limits of an Indian reservation. The complainant in good faith settled upon it, and filed in the proper United States district land office an application to enter said land under the homestead law, and has since resided upon and cultivated the same, and made valuable improvements thereon, and is now prepared to make proof of full compliance with the requirements of said law, so as to become entitled to a patent. The government, however, after receiving said homestead application, has included said land in allotments made to the Indian defendants herein, in fulfillment of a treaty stipulation made with Chief Moses and other Indians of the Colville and Columbia Indian reservations, and canceled the homestead filing made by the complainant; and the defendant Bubb, as Indian agent, now proposes and intends to eject the plaintiff from said premises by force, and has given notice to that effect. The rights of the complainant and of the Indian defendants, respectively, to the land described in the complaint, have been the subject of a contest in the land department; and, upon a final hearing of that matter, the secretary of the interior has made a decision adverse to the plaintiff, pursuant to which his homestead filing was canceled, as aforesaid. The complainant contends that said decision is erroneous, by reason of unfairness in the proceedings and of misconstruction of the law.

Manifestly, the plaintiff's contention is in good faith. Until a judicial determination of the questions of law affecting the same, his claim to the land in controversy cannot be extinguished. If he has a superior right in law, irreparable injury will be done by dispossessing him. It is no part of the function pertaining to the office of an Indian agent to forcibly eject persons from premises not within the boundaries of an Indian reservation. If the Indians are entitled to possession, they should make application for judicial process to enforce their rights according to the laws of the land. This court will not, at the present stage of the case, express any opinion as to the validity of the plaintiff's claim to the land. Being the owner and in possession of valuable improvements which he has placed upon the land, it is the duty of the court to protect his possession until the final hearing upon the merits.

Injunction granted.