LA CHAPELLE v. BUBB, United States Indian Agent, et al.

(Circuit Court, D. Washington, E. D.    April 19, 1895.)

1. PUBLIC LANDS—HOMESTEAD RIGHTS—JURISDICTION OF COURTS—INJUNCTION.

A homestead settler whose land has been included by the government in allotments made to Indians in fulfillment of treaty stipulations, but who has not perfected his right by making proof in the land office of full compliance with the law, is not entitled, in a suit against certain Indians and an army officer, who threatens to put them in possession, to a decree declaring him to be the owner of the land, and quieting his title.    But, as a bona fide settler and owner of the improvements, he is entitled to an injunction protecting him in his possessory rights until the questions of law involved can be determined in a court of competent jurisdiction.

2. INJUNCTION—TRESPASS BY ARMY OFFICER.

Injunction may issue from a federal court to restrain an army officer from committing a trespass on lands, where he justifies his proposed action on the ground that he is simply obeying the orders of his superiors.

This was a bill by Alfred W. La Chapelle against Capt. John W. Bubb, United States army, as Indian agent of the Colville Indian Agency, in the state of Washington, and certain Indian defendants, for an injunction to restrain said Indian agent from forcibly ousting the complainant from certain lands, which he claims as a settler under the homestead laws.    The lands in question had been included by the government in allotments made to the Indians in fulfillment of treaty stipulations.

T. M. Reed, Jr., for complainant.

Wm. H. Brinker, U. S. Atty., and F. C. Robertson, Asst. U. S. Atty., for defendants.

HANFORD, District Judge. After due consideration of the pleadings, evidence, and arguments on final hearing, I have concluded that the complainant's prayer for a decree declaring him to be owner of the land in controversy, and quieting the title in him, must be denied, for the reason that the legal title is in the United States, and complainant's right to the land as a settler under the homestead law has not been perfected by making proof in the land office of full compliance with the law. The government is not a party to this suit, and cannot be brought into court to answer the bill of complaint. U. S. v. Jones, 131 U. S. 1, 9 Sup. Ct. 669. Therefore, the court is without jurisdiction to render any decree affecting the title, or the complainant's rights, other than his right of possession.

As a bona fide settler, and owner of the improvements which he has made on the land, he is entitled to protection in his possessory rights until the questions of law involved in the dispute between him and the Indian defendants can be determined by the judgment of a court of competent jurisdiction. Colwell v. Smith, 1 Wash. T. 92; Ward v. Moorey, Id. 104. For the reasons given in the opinion of this court filed at the time of granting an injunction pendente lite in this case (62 Fed. 545), the use of force by Indian Agent Bubb, outside the limits of an Indian reservation, without process of law, is unwarranted, and contrary to the express provisions of the constitution of the United States and the laws of this state. Under ordinary circumstances, this court would not grant an injunction to prevent a trespass; but the defendant Bubb justifies his proposed action on the ground that he is an officer of the United States government, acting only in obedience to orders from his superior officers in the Indian department, and, for that reason, I deem it entirely proper for this court to restrain him from committing a tort while assuming to act in his official capacity. Let there be a decree making the injunction perpetual, but without prejudice to the right of the defendants to bring an action in any court of competent jurisdiction to recover possession of the land.