PITTSBURG, S. & W. R. CO. et al. v. FISKE.

(Circuit Court of Appeals, Third Circuit. July 3, 1903.)

No. 33.

1. INJUNCTION — GROUNDS — PROTECTION OF RIGHT OF POSSESSION OF REAL PROPERTY.

The right of a plaintiff who was in possession of a switch track, and the land on which it was laid, under a prima facie title, to invoke the aid of a court by injunction to protect his possession, cannot be defeated by the action of defendant in moving an engine and cars onto the track without license or lawful authority; and plaintiff was justified in removing the obstruction and restoring the property to its rightful status, using such force as was necessary.

2. SAME—TITLE TO SUPPORT SUIT.

One in possession of land under a claim of title which is not merely colorable may maintain a suit for an injunction to protect his possession, in a proper case, until a superior title shall have been established in an appropriate action.

8. SAME—REPEATED OR CONTINUING TRESPASSES.

An owner of land is entitled to an injunction to restrain trespasses thereon where it is shown that a trespass has been committed by defendant, and will be continued or repeated unless restrained.

---

¶ 3. See Injunction, vol. 27, Cent. Dig. § 101.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

George L. Roberts, for appellants
Harry Alvan Hall, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal from a decree awarding an injunction restraining the plaintiffs in error "from interfering with, or in any manner obstructing the use of, the switch in controversy." This switch, and the land upon which it was laid, were in possession of the plaintiff below, under at least a prima facie title, when the defendants, without license or authority of law, placed an engine and cars upon it, and so prevented the plaintiff from using it as he desired to do. This was a trespass, and the act of the injured party in repelling it, by removing, with such force as was requisite, the intruding rolling stock from the switch, was legally justified. Therefore no weight can be accorded to the first proposition submitted by the plaintiffs in error, as follows:

"The writ of injunction in this case should not have been issued, for the reason that it was used to enable the plaintiff to maintain a position acquired by him through force, and not the position that existed several days previous to the granting of the injunction."

The status which it was the duty of the court to maintain was that which actually and rightfully existed when the injunction was applied for, and not that which the defendants had endeavored to wrongfully create.

The second and third of the propositions of the plaintiff in error assume that the court below should not have granted an injunction without first and finally deciding the controversy respecting the title to the switch. This assumption is inadmissible. The plaintiff below was, as we have said, in possession, under a claim of right which was by no means merely colorable; and he was entitled to protection against interference with that possession until a superior title should be established, if it could be, in an appropriate action. The defendants were not entitled to determine that matter for themselves, as they had attempted to do, and the court was clearly right in prohibiting any renewal of that attempt.

The fourth proposition of the plaintiffs in error is that the plaintiff below had a complete and adequate remedy at law. But in our opinion he had not. The proofs made it quite evident that the trespass which had been committed would, if not restrained, be repeated and continued; and it is well settled that under such circumstances an injunction may and should be awarded, to secure a plaintiff against probable irreparable injury, and for the avoidance of a multiplicity of suits.

The assignment of errors need not be referred to with particularity, for the case of the plaintiffs in error has been submitted upon the several propositions to which we have adverted, as embracing "all the reasons contained in said assignments."

The decree of the Circuit Court is affirmed, with costs.