Mathis v. Strunk.

E. MATHIS *et al.* v. S. C. STRUNK.
No. 14,578.    (85 Pac. 590.)

SYLLABUS BY THE COURT.

INJUNCTION—*Use of Party Wall—Right to Sue—Title.* Where there is a dispute whether the wall of a building stands wholly upon the land of its owner or rests in part upon that of another, the owner of the building, being in the peaceable possession thereof, may maintain injunction to prevent the adjoining proprietor from using such wall as a party wall until he has established his right thereto in a proceeding brought by him for that purpose.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed May 12, 1906. Affirmed.

*W. B. Bailey,* and *Adams & Adams,* for plaintiffs in error.

*Henry C. Sluss,* for defendant in error.

The opinion of the court was delivered by

Mason, J.: S. C. Strunk is the owner of lot 103 on Main street in the city of Wichita, and E. Mathis and others are the owners of lot 101, which adjoins it on the south. In 1888 the owner of lot 103 built a three-story brick building thereon, which he and his grantees have ever since occupied. In 1905 the owners of lot 101 asserted a claim that one-half of the south wall of the building stood upon their property and therefore belonged to them. Under color of this claim they were about to erect a building of their own upon lot 101, using for its north wall the south wall of the one already constructed. Strunk brought a suit to enjoin them from doing so, and upon a trial was granted an injunction restraining them from making use of the wall until they should have established their right thereto in a proceeding brought for that purpose. The defendants prosecute error from this judgment.

As the matter has been argued in this court some confusion exists as to the exact legal question involved. The defendant in error contends that, even if his wall stands in part upon the lot of his opponents, he has by adverse possession for more than fifteen years acquired a prescriptive right to the land actually occupied. This contention cannot be sustained, for there is nothing in the pleadings or the evidence to suggest that there was ever any intention on the part of an owner of lot 103 to assert a right to encroach upon lot 101, and the mere physical occupancy of a part of it through mistake as to the situation of the boundary-line could not set the statute of limitation in operation. (*Winn v. Abeles*, 35 Kan. 85, 10 Pac. 443, 57 Am. Rep. 138.)

The defendant in error further claims that the district court could not have tried out in this suit the question of the true location of the boundary because upon that matter the parties were entitled to the deci-

Mathis v. Strunk.

sion of a jury. This point seems not to be well taken,
for a dispute regarding a boundary does not in a
proper sense involve the title to real estate (5 Cyc.
951, 952), and is not of that class of controversies for
the determination of which a jury trial may be de-
manded as a matter of right. (*Swarz v. Ramala*, 63
Kan. 633, 66 Pac. 649.) The vital question in this
regard is not whether the court in the injunction suit
could have investigated and decided the true position
of the boundary-line between the lots, but whether it
was obliged to do so at the instance of the defendants.
The petition on its face seemed to invite the considera-
tion and settlement of this matter, but in his opening
statement the plaintiff made it clear that such was not
his purpose but that he invoked the aid of the court
to prevent the defendants from interfering with his
possession of the building until the line should be
ascertained in some other proceeding. The answer
contained no prayer for any specific affirmative relief,
and was essentially a denial of the averments of the
petition. Although it claimed ownership of one-half
of the wall, it gave the defendants no standing to in-
sist upon the trial of the title thereto. If the allega-
tions of the petition were sufficient to warrant the
judgment rendered, the defendants cannot complain
that they also authorized a further inquiry into the
disputed facts. If necessary, the petition may be re-
garded as amended so as to conform to the position
taken by the counsel for the plaintiff in the opening
statement.

The precise question to be determined, therefore,
is whether under the circumstances stated the plain-
tiff, being in the actual possession of the building, was
entitled to the aid of a court of equity to protect that
possession until the right of the defendants should be
established in an action brought by them. This ques-
tion must be answered in the affirmative. The plain-
tiff for the time being was in the peaceful occupancy

of the building, claiming such occupancy to be right-ful. If the defendants desired to challenge that right it was incumbent upon them to assume the burden of instituting some legal proceeding to that end. They could not by forcibly seizing the debatable ground de-prive the plaintiff of the advantage his possession gave him and compel him to become the moving party in an action to determine the true boundary of his lot.

The case of *Echelkamp v. Schrader*, 45 Mo. 505, is very similar to the one at bar. There a double house was supposed to stand so as to be bisected by the di-viding line between two adjoining tracts of land hav-ing different owners, each of whom occupied one-half of the building. It was discovered that the real bound-ary lay three feet to one side of the middle of the house, and the owner whose holdings were enlarged by this discovery began to tear down the building upon his side up to the dividing line as newly located. The other owner brought a suit to restrain such interfer-ence with his occupancy. It was held that he was en-titled to such relief to the same extent to which it was granted in the present case. The court said:

"It is usual in cases like this, where the title itself comes in controversy, to grant a temporary injunction to await the event of an action at law to be prosecuted by the plaintiff. But here the plaintiff is in actual possession, and has been for many years, and is there-fore not in a position, nor has he any occasion, to sue. The defendant is the proper party to bring an action and test the rights of the respective parties at law. If he neglects to do this in a reasonable time, he will have no just grounds of complaint if the injunction is made perpetual against him in consequence of his own negligence." (Page 509.)

The right of the actual occupant of real estate to enjoin interference with his possession by one claim-ing title is affirmed under circumstances more or less analogous to those here presented in the following cases: *W. U. Telegraph Co. v. St. J. & W. Ry. Co.,* 3

Fed. 430; *La Chapelle v. Bubb,* 69 Fed. 481; *Pittsburg, S. & W. R. Co. v. Fiske,* 123 Fed. 760, 60 C. C. A. 621; *Jones v. Brandon,* 60 Miss. 556; *Penn. Coal Co. v. Savage,* 1 Lack. Leg. N. 213. The judgment is affirmed.

All the Justices concurring.