No. 19,319.

CHARLES FERRY ROSS, *Appellant,* v. WELLINGTON LODGE NO. 133, INDEPENDENT ORDER OF ODD FELLOWS, *Appellee.*

#### SYLLABUS BY THE COURT.

CONTRACT—*Jointly to Erect a Building—Payments—Action on Contract—Not Barred by Statute of Limitations.* There was a written contract between plaintiff and defendant by which they agreed to erect a building, each to pay one-half of the cost. There was no provision that either should advance money for the other. After the building was completed the plaintiff, claiming that he had paid more than one-half of the cost of construction, brought this action to recover from

Ross v. Odd Fellows Lodge.

the defendant the amount in excess thereof. *Held*, that the
action can be maintained upon the written contract, and that
it was error to overrule a demurrer to an answer setting up
the defense of the three-year statute of limitations.

Appeal from Sumner district court; CARROLL L.
SWARTS, judge. Opinion filed March 6, 1915. Re-
versed.

*J. S. Dey*, of Wellington, for the appellant.

*W. W. Schwinn*, of Wellington, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff was the owner of lot 23,
and the Wellington Lodge of Odd Fellows was the
owner of lot 24, in block 54 of the city of Wellington,
and the two parties being desirous of erecting a two-
story building upon these lots, in accordance with the
plans and specifications adopted by them, entered into
a written agreement which contained the following
provision:

"Now, therefore, in consideration of the premises,
it is hereby agreed and understood by and on behalf
of each of the parties hereto that one-half of all of the
expense of every kind and character which is to be and
will be incurred in the erection and construction of
said building is to be equally borne and paid by the
respective parties hereto; that is to say, each of said
parties is to pay one half thereof according to a cor-
rect and itemized account of said expenditures, which
is to be kept by the parties to this agreement."

After the building was completed the plaintiff, claim-
ing he had paid more than one-half the cost, brought
this action to recover from the defendant the amount
in excess thereof. The sole controversy arises over the
construction of the quoted clause of the agreement.

The defendant by its answer set up the three-year
statute of limitations. The plaintiff demurred to the

answer; the demurrer was overruled, and the plaintiff brings the case here for review.

The defendant's contention is that because the written contract does not provide for either party advancing money on behalf of the other, the plaintiff's claim is not based on the written contract, but merely on the proposition that he paid out money for the use and benefit of the lodge without a contract to do so, but under such circumstances that the law implies a contract that the lodge would reimburse him, and therefore it is said that the implied agreement is barred by the statute. It was upon this theory, as we understand it, that the court overruled the demurrer to the answer.

In our opinion, the cause of action is upon the written agreement. While it does not in so many words provide for reimbursement, in case one party should pay in the course of the construction more than its share of the expense, it is unreasonable, we think, to construe the contract to mean that as payments became due for material or labor, they should be paid equally by the parties. It seems more reasonable to construe the intention of the parties to have been that one or the other should take principal charge of the construction of the building, pay the bills as they became due, and from time to time to call upon the other for contribution. Contracts of this character are to be construed in accordance with the ordinary course and usage of business men. We think the plaintiff might have paid all the bills for material and labor used in the construction, and when the building was completed might have maintained an action upon the contract against the other for its share.

To construe the writing as the defendant does would mean that each item or bill of expense was to be treated as a separate transaction and the cost thereof ascertained and divided between the parties when the payment was made. Otherwise, if one happened to pay more than one-half of any separate item, that one would

have made a payment outside the provisions of the contract and could only recover such excess from the other on an implied contract for money paid to the use of the other. If either party was so distrustful of the other as to intend such an arrangement, there would have been an express provision, we think, to that effect. Such a plan would not have worked to the convenience or satisfaction either of the parties or of those with whom they dealt. It would have been very inconvenient and unsatisfactory for each material man or laborer who furnished a single item of material or a day's labor if he had been obliged to collect one-half of his claim from each of these parties, and perhaps to have waited for a meeting of the lodge in order to collect the share due from it. Of course, neither party contemplated such a departure from the usual course in which business is transacted. Neither party contemplated any disagreement about the payments. While the contract is not clear as to the manner of making the payments, we do not think it is so ambiguous as to require extrinsic evidence to explain it. We think it is a fair and reasonable construction of the contract to hold that under it either party who had paid more than one-half the cost when the building was completed was entitled to recover from the other such excess. Other questions are discussed in the briefs, but they are not involved in the appeal.

The judgment will be reversed and the cause remanded for further proceedings in accordance herewith.