No. 20,820.

*In re* THE ESTATE OF JOHN S. HOLLOWAY, Deceased (C. W. PECKHAM, *Appellant,* v. J. F. JORGENSEN, as Administrator, etc., *Appellee*).

### SYLLABUS BY THE COURT.

1. ACTION—*To Set Aside Appointment of Administrator—No Jury Demandable.* In an appeal from a decision of the probate court wherein that court refused to set aside an appointment of an administrator on the alleged ground that the deceased was not at the time of his death a resident of the county in which the appointment was made a jury is not demandable as a matter of right.

2. SAME—*Special Questions Submitted to Jury—Instructions.* Where a jury is called in such a case to pass upon disputed questions of fact the court may instruct them as to the rules governing the submission and determination of special questions of fact, but neither party has a right to demand the giving of instructions.

3. SAME—*Jury in Equity Case—Instructions—Findings.* If the case had been tried as though a jury trial could be demanded as a matter of right, and the judgment of the court had been rendered without giving independent consideration to the facts, error in charging the jury might become important; or if the rulings in charging the jury showed that the court had misconceived the law applicable to the case or decided it upon the wrong theory, to the prejudice of a party, error might be predicated on them.

4. SAME—*Findings of Jury Advisory Only.* Upon the record it is found that the court did not treat or dispose of the case as one triable by a jury as a matter of right, but while approving the special findings returned by the jury it made findings of its own on which its judgment was rested.

5. SAME—*Placing of Burden of Proof—Not Prejudicial.* The placing of the burden of proof, even if erroneously done, in a case triable by the court, and where the parties were permitted to and did produce all of their testimony upon the contested questions, can not be treated as a ground of reversal.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed April 7, 1917. Affirmed.

*William Keith,* and *Monroe Wright,* both of Wichita, for the appellant.

*S. B. Amidon, D. M. Dale,* and *S. A. Buckland,* all of Wichita, for the appellee.

*In re* Holloway's Estate.

The opinion of the court was delivered by

JOHNSTON, C. J.: John S. Holloway died November 18, 1914, in the city of Mount Hope, in Sedgwick county, and the following day the probate court of that county appointed ·J. F. Jorgensen administrator of the decedent's estate. Shortly thereafter C. W. Peckham was also appointed administrator of the estate of Holloway by the probate court of Reno county, and on December 17, 1914, Peckham instituted a proceeding in the probate court of Sedgwick county to have Jorgensen's appointment set aside on the ground that Holloway's true residence at his death was in Reno county, that he was only temporarily in Sedgwick county when his death occurred, and that he was then mentally incapable of forming an intention to change his residence. The probate court denied Peckham's application, retained jurisdiction of the estate, and decided that Jorgensen should continue as administrator. On appeal the district court submitted to a jury the question of the residence of Holloway at the time of his death, and the jury found that the deceased was residing in Sedgwick county when he died. The court approved the finding and adjudged that the Sedgwick county probate court had jurisdiction of the estate and that Jorgensen's appointment as administrator was valid. Peckham appeals.

It appears that Holloway owned several farms in Reno county near the Sedgwick county line and had resided on them most of the time until he became ill, when he was taken to a hospital in Hutchinson. He lived there about three months before his death and went to live at his house in the town of Mount Hope, in Sedgwick county and near the Reno county line, where he was cared for by a tenant until he died. The jury found upon sufficient evidence that he went to Mount Hope with the intention of making it his permanent residence.

Errors are assigned on the rulings of the court in instructing the jury and in denying a new trial. Instructions are not so material in a case like this, where a jury is not demandable as a matter of right. In equitable and statutory proceedings a jury is only called at the discretion of the court, and its findings are advisory and not conclusive. (*Swarz v. Ramala,* 63

24—100 KAN.

Kan. 633, 66 Pac. 649; *Wheeler v. Caldwell,* 68 Kan. 776, 74 Pac. 1031; *Mathis v. Strunk,* 73 Kan. 595, 85 Pac. 590; Gen. Stat. 1915, § 7179.)

The appellant concedes that he was not entitled to a jury trial as a matter of course, but it is contended that the court treated the case as an ordinary action at law, accepting the findings and rendering judgment upon them the same as if a general verdict had been rendered, and that the errors in the instructions became material and available. It was competent for the court to call a jury to pass on disputed questions of fact, either upon its own motion or upon request of the parties, but, as we have seen, the court is not bound by the findings made by the jury. It was at liberty to ignore them and determine the questions of fact for itself. In such a case neither party has a right to require that instructions be given. If the court had tried the case as though a jury trial was a matter of right and had blindly accepted and adopted the findings of the jury as its own, without giving independent consideration to the facts, errors in charging the jury might become important. They might also become material if they showed that the court had misconceived the law of the case and had decided it upon a wrong theory—one that would prejudicially affect the result. (*Vickers v. Buck,* 60 Kan. 598, 57 Pac. 517; *Medill v. Snyder,* 61 Kan. 15, 58 Pac. 962.) It can hardly be said, however, that the case was disposed of as an ordinary action at law. According to the record, objection was made by appellee to the submission of the case to the jury on the ground that it was a case triable before the court, but upon the application of the appellant the court determined to and did submit to the jury the question of the residence of Holloway at the time of his death. While the finding made by the jury is spoken of as a general verdict, it is no more than a special finding of the principal fact in the case. After overruling a motion for a new trial and for judgment notwithstanding the verdict, the court not only approved and adopted the findings of the jury, but it made findings of its own that "John S. Holloway was at the time of his death a resident of Sedgwick county, Kansas, and that the probate court of Sedgwick county, Kansas, had jurisdiction of this said case at the time of the appointment of an administrator, and that J. F. Jorgensen, the administrator

appointed by the probate court of Sedgwick county, Kansas, is now the duly, legal, qualified and acting administrator of said estate," etc. Under the circumstances it can not be said that the court treated the case as an ordinary one for trial by a jury. The record shows that independent consideration was given by the court to the facts, and upon the evidence it reached the same result as the jury did. The findings being only advisory and not controlling with the court, the instructions are of little importance. Of course, if the rulings on instructions requested and refused showed that a wrong rule had been applied and that it necessarily entered into the result, to the prejudice of the appellant, the error might be available. The objections to the instructions, however, are not deemed to be grounds of reversal upon any theory.

Complaint is made of an instruction given, to the effect that the probate court having made the appointment of an administrator it should be treated as having been rightfully done until a showing to the contrary was made, and that the burden of proof was on the plaintiff, who was attacking the appointment, to prove by a preponderance of the evidence that the probate court had no authority to make the appointment because of the nonresidence of the defendant in the county. The probate court being a court of record, its appointment based upon the ordinary application should be treated as valid until it is shown to have been without jurisdiction to make it. It is not important here whether or not the appointment is open to collateral attack. In either event the burden of proof would be upon the one attacking the jurisdiction of the court and its appointment of the administrator to prove that Holloway did not reside in Sedgwick county when the appointment was made.

Complaint is made of a requested instruction, which was refused, to the effect that the residence once established remains until another is acquired, and that as Holloway lived a great many years before his death in Reno county, the presumption would be that that was his residence until he died, and that the burden would be upon the appellee to show that there was a change of residence. That instruction is faulty as to the presumption and also as to the burden of proof. In cases of this character, triable by the court itself, and where

both parties were permitted to produce all their evidence on the question of residence, the placing of the burden of proof upon one party rather than the other, even if erroneously done, could not be treated as a ground of reversal. (*Bank v. Brecheisen,* 98 Kan. 193, 157 Pac. 259; *Henning v. Gas Co.,* ante, p. 255.)

What constitutes a residence and what is necessary to a change of residence was carefully and correctly stated by the court in one of the instructions given. The residence of Holloway at the time of his death was the question decided by the probate court, and upon appeal the same question was presented to and determined by the district court. It was thoroughly tried out on a great mass of evidence, each party having an opportunity to offer all the testimony he had, and regardless of presumptions and the burden of proof there was ample evidence to support the finding of the court.

The judgment is affirmed.