No. 20,693.

CHARLES FERRY ROSS, *Appellant,* v. THE WELLINGTON LODGE NO. 133, INDEPENDENT ORDER OF ODD FELLOWS, *Appellee.*

SYLLABUS BY THE COURT.

1. BUILDING CONTRACT—*Action on Unverified Account—Plea of Settlement—Burden of Proof.* It is not reversible error for the trial court to hold that the burden of proof is on the plaintiff in an action on an unverified account, where the petition is met by an answer containing a general denial and an allegation of settlement.

2. JUDGMENT—*Evidence—Finding.* A judgment based on a general finding will not be disturbed, where there is evidence to prove the facts necessary to support the judgment.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed June 9, 1917. Affirmed.

*J. S. Dey,* of Wellington, for the appellant.

*W. W. Schwinn,* of Wellington, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is the second appeal in this case. (*Ross v. Odd Fellows Lodge,* 94 Kan. 528, 146 Pac. 1003.)

The contract which is the basis of this action was in part set out in the former opinion. That contract, so far as it is material to the present controversy, reads:

"Witnesseth, That, Whereas, The party of the first part is the owner in fee simple of Lot Twenty-four (24) in Block Fifty-four (54) in the city of Wellington, Kansas, and the party of the second part is the owner in fee simple of Lot Twenty-three (23) in said Block Fifty-four in the city of Wellington, Kansas, and

"Whereas, The party of the first part and the party of the second part desire and purpose to erect and construct upon the lots hereinbefore described a two-story rock stone cement building, 80 feet long and 50 feet wide in accordance with plans and specifications adopted and agreed upon by each of the respective parties hereto;

"Now, therefore, in consideration of the premises, it is hereby agreed and understood by and on behalf of each of the parties hereto that one-half of all the expense of every kind and character which is to be or will be incurred in the erection and construction of said building is to be equally borne and paid by the respective parties hereto; that is to

say, each of said parties is to pay one-half thereof according to a correct and itemized account of said expenditures, which is to be kept by the parties to this agreement."

The trial was by the court without a jury, and no special findings of fact were made. A general finding was made in favor of the defendant, and judgment was rendered in its favor. The plaintiff appeals.

1. The court held that the burden of proof was on the plaintiff. Complaint is made of that ruling. The petition set out a number of items of expense incurred by the plaintiff in the erection of the building provided for in the contract. The petition was not verified. The answer consisted of a general denial and affirmative allegations that a settlement had been made. There was nothing to show that either party was denied the right to introduce any evidence to establish his contentions. Under these circumstances, it was not reversible error for the trial court to rule that the burden of proof was on the plaintiff. (*Hennig v. Gas. Co.*, 100 Kan. 255, 164 Pac. 297; *In re Holloway's Estate*, 100 Kan. 368, 164 Pac. 298.)

2. The plaintiff argues a number of other propositions, all of which are that certain facts were or were not established by the evidence. Four days were used in the introduction of evidence. The trial court heard that evidence and on it the finding was made. That finding is conclusive in this court unless it is shown that the finding was not supported by evidence. That has not been done. The evidence, as abstracted, does not disclose that the trial court reached a wrong conclusion as to any fact that was in controversy on the trial. The plaintiff must show that the court made a mistake, and must also show that the mistake was prejudicial. (Civ. Code, § 581, Gen. Stat. 1915, § 7485; *Hamilton v. Railway Co.*, 95 Kan. 353, 359, 148 Pac. 648; *Andrews v. Railroad Co.*, 99 Kan. 347, 350, 161 Pac. 600.)

The judgment is affirmed.