No. 20,809.

THE GARDEN CITY SUGAR AND LAND COMPANY, *Appellee,* v.
T. A. SHEPHERD, *Appellant,* et al.

### SYLLABUS BY THE COURT.

INJUNCTION—*Use of Irrigation Ditch—Litigation of Title.* Under the
pleadings and evidence it was not error to enjoin the defendant from
interfering with the irrigation ditch in controversy, leaving the title
thereto undetermined.

Appeal· from Finney district court; GEORGE J. DOWNER,
judge. Opinion filed July 7, 1917. Affirmed.

*Albert Hoskinson,* and *R. W. Hoskinson,* both of Garden
City, for the appellant.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden
City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a decree enjoining
him from interfering with the plaintiff's possession and use
of a certain irrigation ditch. The plaintiff, in its petition,
alleged that it was the owner of the ditch in question, known as
lateral No. 29; that it had owned, operated and maintained it
at its own expense exclusively for more than eight years, dur-
ing which time it had been in the exclusive, undisturbed and
undisputed possession and absolute control, and that the de-
fendant, Shepherd, "does not own any interest in said lateral
No. 29, or any part thereof, and never did own the same, and
has no right in or to said lateral, or right to convey water in
or through the same to his land." The answer was a general
denial.

There was testimony tending to·show that the original ditch
was built by a ditch company and by a former owner of the
land now owned by the defendant. There was also evidence on
which the court based its conclusion that the plaintiff was in
the quiet and peaceable possession of the ditch, and had been
for a number of years. While no affirmative relief was asked
by the defendant, its counsel, in the opening statement, said

that they expected to show that he was a stockholder or water-right holder, and as such was entitled to his share of the water, and that he had helped maintain the ditch, most of which was built by his grantors. .That "if he is not permitted to use water out of this ditch, as he has used it for years and years, he and his grantors will be deprived of the use of the water which rightly and justly belongs to him."

It is now complained that the court undertook to settle the question of title in an injunction suit and that this was error. The decree was that the defendant be enjoined from interfering with the plaintiff's possession and use of the ditch, but it was further ordered that in case the defendant should institute an action at law to establish his title to a right of possession and use of the lateral, this injunction should not be a bar to the prosecution of such action, and should not be taken as an adjudication or determining of the title to the ditch.

While by an amendment of the pleadings, or possibly without, the case could have proceeded as one to determine title, it was not so treated by the court, and no demand so to do was made by the defendant and no offer by it to present the question of title directly by way of amendment, and in view of the precaution taken to guard against any interference with such action when brought, the court can hardly be deemed to have undertaken to adjudicate the title.

Assuming, as the trial court found, that the plaintiff was in possession, there was testimony indicating a disposition on the part of defendant Shepherd to interfere therewith to the extent of using the lateral without consent of the plaintiff. The situation presented by the record was very similar in principle to that disclosed in *Mathis v. Strunk,* 73 Kan. 595, 85 Pac. 590, involving a party wall in the peaceable possession of its owner, but standing wholly or partly on the land of the other party, who was enjoined from using it until he should establish his right thereto in a proceeding brought by him for that purpose.

The evidence and the claims of the parties were conflicting, but there was support for the conclusions reached, and the title to the ditch was left undetermined.

No material error appearing, the judgment is affirmed.