THEODORE WOLFLEY, *as Administrator of the Estate of Nathaniel Morris, deceased,* v. M. A. SHUEMAKER, *as Administratrix of the Estate of S. C. Shuemaker, deceased.*

No. 114.

ACCOUNT—*Amount Due Must Be Proved.* In an action for the recovery of money, it devolves upon the plaintiff, before he is entitled to judgment, to prove by satisfactory and competent evidence what, if any, sum is due him from the defendant.

MEMORANDUM.—Error from Nemaha district court; J. F. THOMPSON, judge. Action by M. A. Shuemaker, as administratrix of the estate of S. C. Shuemaker, deceased, against Theodore Wolfley, as administrator of the estate of Nathaniel Morris, deceased, to recover an alleged balance due on a partnership account. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed July 9, 1896, states the material facts.

*Samuel K. Woodworth,* for plaintiff in error.
*Wells & Wells,* for defendant in error.

The opinion of the court was delivered by

CLARK, J.: On December 12, 1890, M. A. Shuemaker, as administratrix of the estate of S. C. Shuemaker, deceased, filed in the probate court of Nemaha county· her verified claim against the estate of N. Morris, deceased, for a balance alleged to be due her intestate of $15,118.22. A hearing was had thereon on March 23, 1891, resulting in a finding in favor of the Morris estate, and judgment was accordingly rendered against the claimant for costs. From this judgment she appealed to the district court of Nemaha county. Subsequently, a referee was duly appointed by the court to hear the evidence and to make a return of the findings of fact and conclusions of law thereon. The report of the referee was filed on April 1, 1892. Theodore Wolfley, as administrator of the Morris estate, duly excepted to finding of fact No. 5, and to each and all of the conclusions of law of the referee, and filed his motion to set aside the particular finding of fact complained of and all the conclusions of law, and for judgment in favor of the Morris estate on the findings. This motion was overruled, and judgment entered in favor of the plaintiff for $1,660.29, the amount found by the referee to be due the Shuemaker estate. The motion for a new trial was overruled, and the defendant is here seeking a reversal of the judgment.

The plaintiff in error contends that the conclusions of law are not warranted by the findings of fact, and that the judgment should, for this reason, have been rendered in his favor. The evidence introduced before the referee is not preserved in the record, but ·from the findings of fact it appears that for two or

three years prior to January 1, 1884, N. Morris was
engaged in business at Wetmore, Nemaha county, as
a retail merchant, and S. C. Shuemaker was during
that period employed by him as an assistant in the
store, under a contract whereby Shuemaker was to
receive, as compensation for his services, one-third of
the net profits of the business; that prior to the time
covered by that employment Shuemaker was a clerk
in Morris's store upon a fixed salary; that on Janu-
ary 1, 1884, Morris and Shuemaker formed a partner-
ship to carry on the business of retail merchandising
in said city of Wetmore, each partner to have an equal
interest with the other in the business, and in any
profits resulting therefrom, Morris furnishing the
stock of goods.   In pursuance of this agreement, the
firm of Morris & Shuemaker engaged in business dur-
ing the year 1884, buying and selling the class of
goods and groceries, etc., usually handled in country
stores.   At the close of that year the partnership was
dissolved by mutual consent, Shuemaker retiring
therefrom, and Morris retaining the stock of mer-
chandise then remaining on hand, an inventory of
which was at the time taken.   But the referee spe-
cially found that the evidence did not show either the
amount of capital invested in the business by the
partners or either of them, or the terms of the disso-
lution of the partnership, or that there had been an
accounting between the partners, or that Shuemaker
received any share of the profits from the business, if
any such there were, and that "the assets of the firm
at the time of the dissolution consisted of the stock
on hand and a large amount of customers' notes and
accounts, some of which were afterward collected from
time to time, and many of them were worthless and

never collected, and, owing to the vague character of the evidence, it does not appear whether the business of the firm was conducted at a profit or a loss."

The fourth finding sets out a copy of the last page of the ledger of the firm, showing the account of S. C. Shuemaker with the firm. The only credit entries on this page are as follows: "1884, September 9, by balance for'd, $4,385.53. January 1, by skt. rk. 622, 2.46." The first debit entry on that page is dated September 8, 1884, and is as follows: "Bal. mdse. 383, 34.30." This is followed by 17 other items, bearing date respectively from September 19 to December 31, 1884, inclusive, the amount thereof aggregating $370.10. This account would therefore indicate that, at the date of the dissolution of the partnership, the firm was indebted to Shuemaker in the sum of $3,983.-50. This account was not balanced until some time thereafter. The other debit items on this page were seven in number, six of which were evidently accounts on notes due the firm, amounting to $636.05, which were charged to Shuemaker during the year 1885. The last item preceding the footings bears no date, nor is there anything therein indicating its nature. It consists simply of the figures in the debit column of "3,347.54," which, as a matter of fact, was the exact amount required to balance the account.

Other findings are as follows:

"5. For several years prior to January 1, 1884, the ledger of N. Morris showed a balance of credits over debits in favor S. C. Shuemaker, and footings were carried forward from year to year until January, 1885. The balance in favor of said Shuemaker, as shown in the last preceding finding, was not carried forward to the ledger for 1885 or any subsequent account.

"6. From January 1, 1885, and during each year up to January 13, 1890, S. C. Shuemaker continued

to purchase goods at the store of N. Morris, for which he is charged in a running account on the books of said Morris, the total debits being carried forward each year up to said date, and for which purchases he is properly charged with $1,657.25, and S. C. Shuemaker afterward received $60, the proceeds of a note belonging to Morris & Shuemaker, one-half of which should also be charged to him.

"7. After the dissolution of the partnership, the said S. C. Shuemaker took into his possession a part of the partnership accounts and notes, and made collections thereof, of which there was no accounting between said partners, and the proceeds were retained by said Shuemaker, and no credit was given to the books of the partnership therefor or elsewhere, and it is impossible to determine what sums were so collected, there being no evidence upon that point."

The referee's conclusions of law upon these findings of fact were as follows:

"M. C. Shuemaker, administratrix of the estate of S. C. Shuemaker, deceased, is entitled to an allowance on the claim presented by her against the estate of N. Morris, deceased, the sum of $1,660.29, being the balance due said Shuemaker after deducting total charges against him of $1,687.25 from a credit of $3,347.54; said claim should be assigned to claims of the fifth class and bear 6 per centum per annum from April 13, 1890."

It may be possible that the Morris estate is indebted to the Shuemaker estate in the sum of $1,660.29, but the evidence submitted at the hearing before the referee failed to establish that fact, as clearly appears from an examination of his report. With no information as to the amount of capital invested in the business by either partner, the terms of the dissolution of the partnership, the relative value of the stock of goods which was furnished by Morris, and that portion thereof which remained unsold and which was

retained by him at the date of the dissolution of the partnership, the value of the notes and accounts due the firm and the disposition made of them, the amount of the firm indebtedness, if any, either to Morris or to general creditors, the amount collected and retained by Shuemaker on notes and accounts due the firm, whether there ever had been an accounting between the partners, or whether the business had been conducted at a profit or at a loss, it seems clear that any conclusion which might be reached as to whether any sum was due on account of the partnership affairs would be wholly conjectural. The defendant in error claimed a balance due her intestate of over $15,000, but she is apparently satisfied with a recovery of but little in excess of 10 per cent. of that amount. The conclusions of law of the referee are based upon the assumption that the last debit entry in Shuemaker's account with the firm represented an actual indebtedness in favor of Shuemaker and against Morris of $3,347.54. Whether that entry was intended to represent a balance in favor of Shuemaker, or that he had been paid that amount, either in cash or notes and accounts of the firm, or otherwise, or whether it expresses his share of the losses in business, we do not know, and the findings of fact do not afford us any information regarding that matter. The referee construed that entry to represent a balance due Shuemaker, and he found that " it was not carried forward to the ledger for 1885 or any subsequent account." The partnership was dissolved on January 1, 1885. Seven of the debit entries on that page were made during the year 1885, and the account was then closed. Even if the referee properly held that the ledger of the firm showed a balance in favor of Shuemaker, the fact that "it was not carried forward to the ledger for

1885 or any subsequent account " would indicate that this balance was an indebtedness of the firm of Morris & Shuemaker, and, as they were equal partners in business, the presumption would be that Morris would not be liable for the payment of over 'one-half of that amount, which is less than the judgment rendered herein in favor of the Shuemaker estate. We do not think the conclusions of law were warranted by the findings of fact, or that the defendant in error was entitled to a judgment in her favor.

The judgment will therefore be reversed, and a new trial awarded.

All the Judges concurring.