No. 19,618.

## T. A. ENRIGHT, *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

1. SHIPPING CONTRACT—*Evidence*—*Bill of Lading*—*Carbon Copy Admissible*. An impression copy of a bill of lading or contract for shipment of freight, made by the agent of the carrier at the same time the original is executed, may be received in evidence the same as the original, where such copy has been properly identified, is legible, and there is no showing of subsequent alteration.

2. SAME—*Interstate Commerce*. A shipment of live stock from a point in this state, consigned to a commission firm in Kansas City, Mo., is interstate commerce.

3. SAME—*Personal Injuries*—*Limitation of Action Valid*. A clause in the contract for such a shipment providing that no action should be maintained for the recovery of any damages arising therefrom, or of any contract pertaining thereto, unless commenced within six months after the injury, is held not unreasonable.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed November 6, 1915. Affirmed.

·*George J. Benson*, and *T. A. Kramer*, both of El Dorado, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott*, all of Topeka, and *G. P. Aikman*, of El Dorado, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In this action plaintiff seeks to recover damages for personal injuries alleged to have been sustained while in the act of getting on a freight train. The jury returned a verdict in favor of the defendant, which the trial court approved, and plaintiff appeals.

The plaintiff loaded two cars of stock for shipment from the station at Burns, Kan., to Kansas City, under a contract which entitled him to transportation. His cars were attached to the train, and after it started he succeeded in climbing upon one of the cars for the purpose of getting to the caboose. In some way his foot slipped upon the ballast, and he was jerked around against the side of the car and injured. At the trial he testified, on cross-examination, that he signed a shipping con-

tract similar to an impression copy which was exhibited to him. Over his objections, the court admitted the paper in evidence. It is claimed that this was error, because it was not the original, and there was no proper foundation laid for admitting a copy. It was, however, an impression copy of the original, a facsimile, made at the same time. Ordinarily, these are treated the same as originals. (*Glass Co. v. Pierce,* 87 Kan. 548, 549, 125 Pac. 108; *Wilkes v. Coal Co.,* 95 Kan. 493, 494, 148 Pac. 768.) Where such a copy has been properly identified, is legible, and there is no suggestion of subsequent alteration, or any reason shown why the original would answer the purpose as evidence better, either may be used as primary evidence.

The cattle were consigned to a commission firm at Kansas City, Mo., and therefore the shipment was interstate. The contract contained a provision that no action for the recovery of any damages arising out of the shipment, or of any contract pertaining thereto, should. be maintained unless commenced within six months after the injury. The failure of plaintiff to begin suit within six months was urged as a bar to the action, although not pleaded in the answer. Under the doctrine in the Kalina case (*Kalina v. Railroad Co.,* 69 Kan. 172, 76 Pac. 438) it is not necessary to plead the defense where it appears in the progress of the trial that plaintiff is seeking to recover upon a shipping contract containing such a condition. The federal courts have held repeatedly that the carrier may limit his liability by reasonable requirements of this character. (See authorities cited in the opinion in *Kirby v. Railroad Co.,* 94 Kan. 485, 146 Pac. 1183.) In *Watt v. Railway Co.,* 90 Kan. 466, 135 Pac. 600, we held, in a case involving an interstate shipment, that a limitation clause requiring that actions to recover for injury to property transported must be commenced within ninety days was not unreasonable. The limitation in the present case of six months must be held to be reasonable; and it follows that the plaintiff's failure to comply with this condition precedent bars his right to recover, and renders it unnecessary to consider the other contentions respecting alleged trial errors.

The judgment is affirmed.