No. 19,896.

THE STOCKTON ELEVATOR & SHIPPING ASSOCIATION, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. QUESTION OF PRACTICE—*Not Decided.* A question of practice held not necessary to be decided.

2. SHIPPING CONTRACT—*Interstate Commerce.* A shipment of goods consigned to a point in another state constitutes interstate commerce, notwithstanding an actual delivery is made before a state line is crossed.

3. SHIPPING GRAIN—*Expense in Furnishing Grain Doors—Reimbursement.* In an action against a carrier for the expense incurred by a shipper in furnishing grain doors to box cars, the plaintiff can not prevail by showing merely the total cost of all the doors he had furnished, including an unascertained number of items for which no charge could be made because they accrued in interstate shipments, after the interstate commerce commission had forbidden the reimbursement of such expenses unless provided in the tariff, and before any tariff provision had been made in that regard.

Appeal from Rooks district court; CHARLES W. SMITH, judge. Opinion filed February 12, 1916. Reversed.

*W. P. Waggener, Walter E. Brown,* both of Atchison, and *O. O. Osborn,* of Stockton, for the appellant.

*S. N. Hawkes,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Stockton Elevator & Shipping Association sued the Missouri Pacific Railway Company before a justice of the peace on account of material it had furnished for the repair of cars in which it had shipped grain between August 5, 1908, and November 25, 1908. The case was taken on appeal to the district court, where a judgment for $231.60 was rendered against the defendant, which appeals.

(1) The record shows that at one stage of the proceedings

the plaintiff amended its bill of particulars so that a recovery was asked for more than $300. The defendant moved to dismiss the cause because the increase of the amount in controversy carried it beyond the jurisdiction of the court in an appeal from a justice of the peace. The motion was denied, and that ruling is complained of, on the authority of a series of cases, culminating in *Thompson v. Stone*. post, p. 237, 64 Pac. 969. Affidavits have been presented here for the purpose of showing that prior to the judgment an oral statement was made by the plaintiff's attorney to the effect that the right to recover more than $175 and interest was waived. The proceedings of the trial court can not be brought upon the record in this manner. (*Mason v. Harlow*, 92 Kan. 1042, 142 Pac. 243.) It is at least doubtful, however, if the assignment of error referred to is available. The judgment was rendered February 17, 1914; a motion for a new trial was overruled May 5, 1914; and the appeal was taken October 27, 1914, more than six months after the judgment, although less than six months after the overruling of the motion for a new trial. The ruling on the motion to dismiss is not reviewable unless it is such a trial error as to be the basis of a motion for a new trial, and it is said not to fall in that class. (29 Cyc. 760; 4 Enc. L. & P. 333, 334; *Galey v. Mason*, 174 Ind. 158, 91 N. E. 561.) The question suggested need not be determined by reason of the view taken of another feature of the case.

(2) The plaintiff's claim was based largely upon the furnishing of lumber for grain doors. It was conceded that the material had been furnished, and that the total cost was correctly stated by the plaintiff; but it was not shown what part of the expense was incurred for shipments within the state, or in interstate commerce after November 16, 1908. This is important, because by ruling 78 of the interstate commerce commission, made June 1, 1908, interstate carriers are forbidden to reimburse shippers for such expenses unless expressly provided in their tariffs (Interstate Commerce Commission, Conference Rulings Bulletin No. 6, p. 21), and it was shown that no such tariff provision had been made prior to the date named. The evidence in behalf of the plaintiff was that most of the cars for which the doors were furnished were consigned from Stockton, Kan., to Kansas City, Mo., although the majority of them were actually unloaded at Kansas City, Kan. Shipments

of goods consigned to a point in another state constitute inter-
state commerce, notwithstanding an actual delivery is made
before a state line is crossed. (*Horse & Mule Co. v. Railway
Co.*, 95 Kan. 681, 149 Pac. 436; *Enright v. Railway Co.*, 96 Kan.
546, 152 Pac. 629.) In the case last cited it was contended that
because cattle shipped from a Kansas station were unloaded at
the Kansas City stockyards on this side of the state line the
transaction was intrastate, but the court said: "A shipment of
live stock from a point in this state, consigned to a commission
firm in Kansas City, Mo., is interstate commerce." (Syl. ¶ 2.)

(3) It was incumbent upon the plaintiff to show how much
material was furnished under such circumstances as to war-
rant a charge against the company. It could not prevail by
showing the total amount of material furnished, including an
unascertained number of items for which no charge could be
made. "In an action for the recovery of money, it devolves
upon the plaintiff, before he is entitled to judgment, to prove
by satisfactory and competent evidence what, if any, sum is
due him from the defendant." (*Wolfley v. Shuemaker*, 4 Kan.
App. 38, syl., 45 Pac. 792; *Morgan v. Valley Bank*, 4 Kan. App.
668, 46 Pac. 61.)

The judgment is therefore reversed, and the cause remanded
for a new trial.