No. 20,202.

JESSIE GIERSCH, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA
FE RAILWAY COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. WRONGFUL DEATH—*Action by Widow—Pleadings—Evidence—Carbon
   Copies of Railroad Records—Competent.* In an action brought by a
   widow to recover for the death of her husband who was killed while
   engaged in the work of switching, the answer consisted of a general
   denial and the averments of contributory negligence and assumption
   of risk. In the defendant's testimony it appeared that the car against
   which the deceased was crushed was at the time an interstate car.
   This evidence was first received over objection and afterwards
   stricken out. *Held,* that it was properly received and erroneously
   stricken out.

2. SAME—*Action Brought under State Statute—Evidence Showed Right
   to Recover under Federal Statute Only.* The testimony referred to
   in the foregoing paragraph brought the liability of the defendant, if
   any, for the death of the deceased under the federal employers' lia-
   bility act exclusively, and as the widow can not maintain an action
   thereunder she can not recover herein.

3. SAME—*Pleadings—Proper Evidence.* While ordinarily any defense
   to be relied upon should be pleaded, the question here is one of the
   capacity of the plaintiff to maintain the action and her incapacity
   was proper to be shown under the pleadings as they were framed.

4. SAME—*Carbon Copies—Competent Evidence.* The testimony referred
   to consisted of carbon copies of official railroad reports made in the
   usual course of business and was competent.

5. SAME. The fact that without specific and serious objection on the
   ground that the witness was permitted to testify as to the contents
   of such carbon copies instead of their being formally introduced in
   evidence, held not to constitute material error.

Appeal from Lyon district court; WILLIAM C. HARRIS,
judge. Opinion filed June 10, 1916. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Har-
low Hurley,* all of Topeka, for the appellant.

*W. S. Kretsinger, R. M. Hamer,* and *H. E. Ganse,* all of Em-
poria, for the appellee.

The opinion of the court was delivered by

WEST, J.: Jessie Giersch recovered a judgment for the death of her husband incurred while employed as a switchman by the defendant company as a result of being crushed between two freight cars in the defendant's yards at Emporia. The defendant appeals and error is assigned upon the rejection of certain evidence, the overruling of a demurrer to the plaintiff's evidence, in giving and refusing instructions and in denying a motion to set aside certain special findings, a motion for judgment on the special findings and a motion for new trial. The principal contention, save one, is that the evidence failed to make out a case. The other question presented will be first considered.

The petition was filed under the statute (Civ. Code, §§ 419, 420), praying judgment for $10,000 and alleging the nonacceptance of the provisions of the workmen's compensation act. The answer, after admitting the alleged corporate character of the defendant, consisted of a general denial and averments of contributory negligence and assumption of risk. The reply denied every allegation in the answer not admitted by the petition.

The testimony showed that the deceased was a switchman in the Emporia yards; that in attempting to adjust the knuckle on a slowly moving flat car he was crushed by the moving upon him of the other cars from which the one mentioned had been uncoupled. When the plaintiff's testimony was closed nothing had been said as to the character of the car in question. The plaintiff demurred to the evidence on the ground that it did not prove facts sufficient to constitute a cause of action, and on being asked by the court whether counsel desired to argue the demurrer the answer was, "I think your honor has seen enough of these questions tried to decide the question without argument. There is a point, but I do not wish to call the court's attention to it now." The Court: "I do not wish to hear you unless you have something particular that you wish to call the court's attention to; if you have not, I will pass upon it now." To which counsel responded: "I think that the general grounds I have stated is all." The defendant thereupon introduced its evidence,

and one of its witnesses testified that the car which had been uncoupled was S. P. 79,329 and belonged to the Southern Pacific. Another witness, a traveling car accountant of the defendant, testified that a complete record of the movement of cars is kept, making up what is called the conductors' wheel reports of each train, showing the car and its movements, which reports were in duplicate and on file in the defendant's office. He further testified that this record showed that the car in question was received from another line at Shawnee, Okla., moved into Emporia from Arkansas City on December 26, from Emporia to Topeka on the 26th, Coddington and back to Emporia on the 27th, empty in extra 1837 Humfert, arrived in Emporia December 28, arriving in and out of Emporia the 29th, destination being Fort Worth, Tex. He stated that this record from which he had been testifying was a carbon duplicate of the report made up and sent in to the car accountant's office by the conductors. An objection was made to all the answers of this witness because the same are "incompetent, irrelevant and immaterial; did not prove or tend to prove or disprove any issues in this lawsuit, and the evidence is not competent because it is hearsay, not being the best evidence." This objection was overruled, but later the evidence was stricken from the record.

Some contention is made that certain portions of the record are presented here through the briefs instead of the abstracts, but as both parties are about equally at fault in this respect we will consider the case as if abstracted in the usual way. It is now strenuously contended that the testimony of this witness was not only competent but that it demonstrates that the car upon which the deceased was working was at the time an interstate car, and therefore the plaintiff's cause of action was under the federal and not the state statute, and as the former does not permit the suit to be brought by the widow, but only by the administrator or personal representative, the plaintiff can not prevail.

In the former days of strictness carbon copies of office records like those in question would not be deemed competent, but practical requirements of business and the application of common sense by the courts have brought about a recognition of the competency of such records. (*Darling v. Railway Co.,*

76 Kan. 893, 93 Pac. 612; *Bourquin v. Railway Co.*, 88 Kan.
183, 127 Pac. 770; *Wilkes v. Coal Co.*, 95 Kan. 493, 148 Pac.
768; *Enright v. Railway Co.*, 96 Kan. 546, 152 Pac. 629.)   On
this we are unanimous.   That the witness should be permitted
over objection to sit and relate his conclusions as to what the
carbon copy of the official report showed instead of such copy
being offered in evidence is, in the opinion of the writer, a sort
of judicial atavism rather than a recognition of any recognized
or sensible rule of evidence.   Twice in her brief the plaintiff
calls attention to the fact that the papers themselves were not
offered in evidence..   The majority, however, conclude from all
the circumstances that the real objection was to the copies and
not to the construction thereof by the witness, and regard
it as if the witness had held in his hand a letter and proceeded
to give the contents without objection instead of having it read
to the jury.

The remaining point is the effect of this evidence in view
of the fact that no hint in the pleadings can be found that a
defense of an interstate nature was to be made and it is argued
with much force and consistency that if the defendant desired
to avail itself of this it should have followed the usual practice
and given notice thereof when stating its defense by way of
answer.   It would be more accurate, however, to say that the
real question is whether or not in view of the condition of the
pleadings the defendant had a right by competent evidence to
show that whatever liability might exist the widow could not
maintain the action.   If, as a matter of fact, her late husband
was engaged in interstate commerce the law of the state affords
her no remedy and her right to recover becomes a clear federal
question, which must be solved in accordance with the federal
decisions thereon.   In affirming the decision of this court in
*Brinkmeier v. Railway Co.*, 81 Kan. 101, 105 Pac. 221, the su-
preme court in *Brinkmeier v. Mo. Pac. Ry. Co.*, 224 U. S. 268,
held that as the petition did not state a cause of action under
the safety-appliance act, but at most a right of recovery under
the common law, the ruling upon the sufficiency of the evidence
did not involve a federal question.   Also, that the refusal to
permit the amendment of the petition so as to come under the
federal act after the statute of limitations had run, involved
only a question of pleading and practice under the state law,

and was not subject to federal review. But here we have the opposite. The evidence brought the case under the federal statute and this of necessity involves a federal question.

In *American R. R. Co. v. Birch*, 224 U. S. 547, it was held that the federal employers' liability act gives the right of recovery to the personal representatives and not to the heirs and that the latter can not maintain an action even where the local statute gives a right to the heirs as well as to the personal representatives to maintain such an action. In the opinion it was said:

"But this distinction between the parties to sue and the parties to be benefited by the suit makes clear the purpose of Congress. To this purpose we must yield. . . . In the present case it looks like a useless circumlocution to require an administration upon the deceased's estate, but in many cases it might be much the simpler plan and keep the controversy free from elements but those which relate to the cause of action. But we may presume that all contending considerations were taken into account and the purpose of Congress expressed in the language it used." (p. 557.)

In *St. L. & San Francisco Ry. v. Seale*, 229 U. S. 156, it was held that—

"Where the Federal Employers' Liability Act applies, no one but the injured employe or, in case of his death, his personal representative, can maintain the action." (Syl. ¶ 2.)

Further, that—

"An employe whose duty is to take the numbers of, and seal up and label, cars, some of which are engaged in interstate, and some in intrastate, traffic, is directly and not indirectly engaged in interstate commerce.

"Where plaintiff's petition states a case under the state statute, but on the evidence it appears that the case is controlled by the Federal statute, and the defendant has duly excepted, the state court is bound to take notice of the objection and dismiss if plaintiff is not entitled to recover under the Federal statute." (Syl. ¶¶ 4, 6.)

In that case the defendant at the close of the evidence requested a directed verdict on the ground that the liability was controlled by the federal statute, which request was denied. The court said:

"It comes then to this: The plaintiffs' petition, as ruled by the state court, stated a case under the state statute. The defendant by its special exceptions called attention to the federal statute and suggested that the state statute might not be the applicable one. . . . A plea in

abatement would have been unavailing, because the plaintiffs were the proper parties to prosecute that case. When the evidence was adduced it developed that the real case was not controlled by the state statute but by the federal statute. In short, the case pleaded was not proved and the case proved was not pleaded. In that situation the defendant interposed the objection, grounded on the federal statute, that the plaintiffs were not entitled to recover on the case proved. We think the objection was interposed in due time and that the state courts erred in overruling it." (p. 161.)

In *Toledo, St. L. & West. R. R. Co. v. Slavin*, 236 U. S. 454, the evidence showed that although the case was brought under the state statute the plaintiff was injured while engaged in interstate commerce, and it was held that the objection that he could not recover under the federal employers' liability act was not a technical rule of pleading or a matter of substance and that where there are substantive differences between the state and federal statutes in regard to defenses of assumption of risk and contributory negligence, proceeding under the former is reversible error. Neither the complaint nor the answer contained any reference to the employers' liability act, but over plaintiff's objection evidence was admitted which showed that the train on which the plaintiff was riding when injured was engaged in interstate commerce. The railroad company then insisted that the case was governed by the federal act and moved the court for a directed verdict. This was overruled and the court refused to charge in respect to the provisions of the federal statute, being of the opinion that the case was within the Ohio statute. The plaintiff recovered and the judgment was reversed by the circuit court of Lucas county on the ground that the plaintiff was injured while engaged in interstate commerce. This judgment was in turn reversed by the supreme court of Ohio. Slavin insisted that the defendant's failure to plead the employers' liability act made it improper to consider the evidence touching the interstate character of the train on which he was injured. The court said:

"But a controlling federal question was necessarily involved. For, when the plaintiff brought suit on the state statute the defendant was entitled to disprove liability under the Ohio act, by showing that the injury had been inflicted while Slavin was employed in interstate business. And, if without amendment, the case proceeded with the proof showing that the right of the plaintiff and the liability of the defendant

had to be measured by the federal statute, it was error not to apply and enforce the provisions of that law." (p. 457.)

The Seale case was followed, and it was said that in the, Slavin case the Ohio statute abolished the rule of the common law as to assumption of risk, while the federal statute left it in force except when the injury was due to violation of certain statutes and that the case should have been tried and determined according to the federal employers' liability act. *N. Y. Central R. R. v. Carr*, 238 U. S. 260, involved the case of a brakeman on an intrastate car in a train consisting of both intrastate and interstate cars engaged in cutting out the former so that the train could proceed on its interstate business, and it was held that for an injury received while so engaged he could maintain an action under the federal act. *Penna. Co. v. Donat*, 239 U. S. 50, was an action based on the federal statute and the trial court left it for the jury to say from the facts whether or not the plaintiff was engaged in interstate commerce and refused to charge that he was not so engaged and therefore could not recover. The case was begun in the United States district court. Two loaded cars coming from without the state were received in the yards at Fort Wayne, Ind. Acting under instructions Donat began the switching movement necessary to place them on the required switch track, and it became necessary to uncouple the engine from the loaded cars, and with it to remove the empty ones from the private track. It was held that the court properly submitted the interstate question to the jury and that a writ of error based on the refusal to charge that the plaintiff was not engaged in interstate commerce and could not recover was frivolous. In *Atlantic Coast Line R. R. v. Burnette*, 239 U. S. 199, the plaintiff, who was injured while working upon a train running from South Carolina to North Carolina, was given a judgment by the state supreme court, which assumed that the case was governed by the federal act. It seems that the errors complained of were that the state court held the federal statute applicable and declined to regard the statute of limitations as a bar because not pleaded. The federal supreme court reversed the decision. It was said:

"It would seem a miscarriage of justice if the plaintiff should recover upon a statute that did not govern the case, in a suit that the same act declared too late to be maintained. A right may be waived

Giersch v. Railway Co.

or lost by a failure to assert it at the proper time, (*Burnet v. Des-mornes*, 226 U. S. 145), but when a party has meant to insist on all the rights it might have, such a result would be unusual and extreme. The record shows a case to which the Act of 1908 did not apply, . . . and which the earlier Act of 1906 probably could not affect. . . . It also shows that the action was brought too late, and that the defendant insisted upon that point, although it had not pleaded what was apparent on the allegations of the declaration and the admissions of the answer. In dealing with the enactments of a paramount authority, such as Congress is, within its sphere, over the States, we are not to be curious in nomenclature if Congress has made its will plain, nor to allow substantive rights to be impaired under the name of procedure. (*Central Vermont Railway v. White*, 238 U. S. 507, 511.) But irrespective of the fact that the act of Congress is paramount, when a law that is relied on as a source of an obligation in tort, sets a limit to the existence of what it creates, other jurisdictions naturally have been disinclined to press the obligation farther." (p. 200.)

In *Seaboard Air Line v. Koennecke*, 239 U. S. 352, an action was brought by the widow for the benefit of herself and children. South Carolina had a statute similar to Lord Campbell's Act. In view of testimony brought out on cross-examination of plaintiff's witness, she asked leave to bring the case under the federal act, the declaration not disclosing under which statute the action was brought. The amendment was allowed and the defendant objected to going on with the trial, but counsel refusing to make the plea of having been taken by surprise, the trial was ordered to proceed. It was held that the trial court may have considered that the defendant was endeavoring to get a technical advantage. It was held that the cause of action arose under a different law by the amendment but the facts were the same whichever law gave them effect and that it was not error to allow the amendment. In *Chicago, Rock Island Ry. v. Wright*, 239 U. S. 548, an employee was injured when taking an engine from Phillipsburg, Kan., to Council Bluffs, Iowa, and it was held that the responsibility of the company was covered by the federal act and that it was error to submit the case to the jury under the state statute of Nebraska where the action was brought. There, however, the action was by the personal representatives, and it was held that as the employer was not prejudiced by the difference between a federal and state case the error in treating it as under the latter instead of the former was not prejudicial and therefore

the judgment was affirmed. No question was raised as to the right of the plaintiff to maintain the action in either event. In *Seaboard Air Line v. Horton,* 239 U. S. 595, it was held that the distinctions between the assumption of risk and contributory negligence become important under the federal employers' liability act, "which in ordinary cases recognizes assumption of risk as a complete bar to the action, while contributory negligence merely mitigates the damages." (p. 601.) It should be observed that in the case at bar not only was assumption of risk pleaded but an instruction thereon offered and refused. In *Pecos & Northern Ry. v. Rosenbloom,* 240 U. S. 439, it was decided that when an employee of an interstate carrier is engaged in interstate commerce when killed the right of recovery depends upon the federal act, which permits suits to be brought only by a personal representative. The widow sued for the benefit of herself and her two minor children and recovered a verdict for $7000. It appeared from the evidence that the train in question consisted of thirty odd cars, moving, with one exception, in interstate commerce, and there was enough shown to support a finding that when killed he was engaged in interstate commerce. An instruction to the effect that if so engaged the jury should return a verdict for the defendant on its special plea that the plaintiff had no right to maintain the suit in the capacity in which she sued, was refused. The court said:

"Upon a clearly erroneous assumption that there was nothing on which to base such request, the Supreme Court approved its refusal. The record discloses no proper reason for thus denying plaintiff in error a right claimed under the Federal Employers' Liability Act. If when struck deceased was employed in interstate commerce, the right of recovery depended upon that Act; and it only permits suit by a personal representative for the benefit of surviving widow or husband and children if there be such." (p. 441.)

The ruling in *Seaboard Air Line v. Kenney,* 240 U. S. 489, was that the federal act is paramount and exclusive and recovery under it can be had only in the mode prescribed and by and for the person in whose favor it creates and bestows a right of action.

The court refused an instruction that under the law and the evidence the plaintiff could not recover. The defendant excepted to the ruling of the court striking from the record the

testimony of the witness concerning the interstate character of the car.

The question before us goes to the vitals of the plaintiff's right to maintain the action. Having concluded that the testimony was competent it follows that it either showed or fairly tended to show that the deceased was killed while engaged in interstate commerce according to the settled federal rule. This being true the state law affords no relief and the federal act precludes the plaintiff from maintaining the action. As the federal act furnishes the sole remedy it follows inevitably that the plaintiff as widow can not maintain an action thereunder. The evidence having been rightfully received and the court thereby apprised of the situation precluding the plaintiff's right to recover such evidence was improperly and erroneously stricken from the record, because, while not pleaded as a defense, nevertheless it was competent under the general denial to show that the plaintiff was not the proper party to recover, just as it would be in the case under the state law to show that she is not the widow or next of kin as alleged.

The conclusion is reached, therefore, that under the record as it appears here the plaintiff was not entitled to recover because not the proper party under the only statute applicable to the case. It is not necessary to discuss the other points further than to state that there was sufficient evidence to go to the jury and on which to base a verdict. The plaintiff will have to look to the federal employers' liability act for relief.

The judgment is reversed and the cause remanded for further proceedings.

MASON, J. (dissenting) : The petition unquestionably stated a cause of action. It was not necessary for the plaintiff to plead or prove the negative fact that the plaintiff's husband was not engaged in interstate commerce at the time of the accident—that would be anticipating a defense. The answer, so far as relates to the question under consideration, was merely a general denial. Under this the defendant, according to the ordinary practice, was entitled to disprove any averment of the petition, but not to show some affirmative independent fact—new matter—that prevented a recovery notwithstanding every allegation of the petition should be proved. The defense that the decedent received his injury while employed in inter-

state commerce was of that character. If no showing had been made as to the fact in that regard the judgment could be sustained. (*Osborne v. Gray*, 241 U. S. 16.) Inasmuch as, according to the decision cited, the defendant was required to prove the fact in order to derive any benefit from it, the defense was clearly one that it could waive. Doubtless if the defendant had specifically pleaded that the decedent had not been engaged in interstate commerce this would have precluded it from showing the contrary. By the usual rule the failure to plead this defense in the answer would of itself amount to a waiver. The federal supreme court has modified this rule (*Toledo, St. L. & West. R. R. Co. v. Slavin*, 236 U. S. 454) and by that modification we are bound. But as I read the case just cited its doctrine goes no further than this—that a purely technical rule of pleading will not be permitted to deprive a litigant of a substantial right under the federal statute. Here the conditions there presented are reversed, and by the violation of the rules of orderly procedure the plaintiff suffers a serious wrong, while any error in the rejection of the excluded evidence is purely technical—utterly devoid of any effect upon the substantial rights of the defendant.

Ordinarily the manner of raising the issue concerning the character of commerce in which an employee is injured is of little practical consequence. But in the situation here presented a reversal of the judgment because of the rejection of evidence which was wholly outside of the pleadings will work a grave injustice. If the decedent was engaged in an operation of interstate commerce it was because of the unrevealed destination of the particular car the knuckle of which he was undertaking to adjust when the train ran against it. The use that was being made of the car lay peculiarly within the knowledge of the defendant. It would have been very difficult for the plaintiff to learn the fact in that regard, to say nothing of proving it. The defendant may almost be said to have had an option to try the case under the federal law or under the state law. If it saw fit to remain silent on the subject throughout, the plaintiff was forced to rely solely on the state law unless she could obtain evidence of the interstate character of the commerce in which the accident occurred. Or the defendant might produce what would amount to *prima facie* evidence of interstate commerce which it could overcome if it desired, but which the plaintiff possibly could not, for want of information.

Giersch v. Railway Co.

In the present case the evidence introduced perhaps had a tendency to raise a presumption that the car, in handling which the decedent was injured, was at the time in the course of an interstate trip, but it contained nothing to prevent a further showing that the car was not routed for Ft. Worth until after the accident had occurred.  The defendant had an obvious motive in preferring a trial under the state law—the limiting of the judgment to $10,000.  It should not be permitted to play fast and loose in the matter.  It has not yet definitely asserted, by pleading or otherwise, that the accident occurred while the switchman was engaged in interstate commerce.  It could assert the contrary, if sued under the federal act, so far as anything in the record of this case is concerned.

The courts should not allow the defendant, having direct and practically exclusive knowledge of a fact absolutely fatal to a recovery by the plaintiff, to conceal it until she had introduced all her evidence, neither pleading it nor referring to it in the opening statement to the jury, and then surprise her with it in the midst of a jury trial involving a number of controverted matters, unless some substantial right would thereby be protected.  If the defendant had included in its answer a statement that the switchman had been killed while engaged in interstate commerce, or had in any way raised a question in that regard before the plaintiff had introduced her evidence, she could have dismissed her action and taken steps to have one brought under the federal statute, sparing herself the trouble, delay and expense of a long trial, which would have been manifestly futile if the car were known to have been in the course of an interstate trip.

If the interstate character of the transaction had been pleaded and proved, a reversal would be justified only because the action was not brought in the name of the proper plaintiff—a matter of form rather than substance.  The beneficiaries are the same whether a judgment is rendered in favor of the widow or of an administrator.  The case was fully tried out, with every benefit to the defendant that it could have had under the federal law, and with the additional advantage that its liability was limited to $10,000.  There was no question of assumed risk in the case.  The defendant asked no instruction on the subject excepting one to the effect that no recovery could be had if the injury was caused by "the ordi-

nary risks incident to the employment of deceased as a switch-man in the ordinary work incident to such employment." The ordinary risks incident to the employment do not include those due to the employer's negligence; and the decedent had no knowledge of the negligence relied upon by the plaintiff and found by the jury, and therefore could not in any event be regarded as assuming any of the risk with respect to it. (26 Cyc. 1225; *Gila Valley Ry. Co. v. Hall*, 232 U. S. 94.)

The real question in controversy in the case was whether the train started up again after having once come to a full stop. The defendant's liability turned on the solution of this question. It recognizes the purely formal character of its unpleaded defense by introducing the reference to it in the concluding pages of its brief in these words:

"We are very desirous that this case should be reversed on its merits and not upon any technicality, as we earnestly believe that the defendant is entitled to judgment upon the facts shown by the record. It is with some reluctance, therefore, that we call attention to a technical ground, which in our opinion requires a reversal of the case, regardless of any other errors pointed out."

The case is not controlled by *St. L. & San Francisco Ry. v. Seale*, 229 U. S. 156, for there the defendant raised the interstate commerce question apparently before answering, and the question involved related only to the form in which it should be presented. Here it was not uncovered in any way until the defendant began introducing its evidence.

No possible actual prejudice could result to the defendant from the form of the action unless it would be subject to a further action under the federal law for the benefit of the plaintiff's child. Full protection against that could be afforded without reversing the judgment. I think the judgment should be affirmed, possibly with the condition that such protection should be given by making the administrator a party. If the ordinary rules of procedure are enforced the judgment should be affirmed because the defense relied on was not pleaded. If all rules of procedure are subordinated to the attainment of substantial justice, the judgment should be affirmed because it is the result of a fair trial of the real matter in controversy. If the plaintiff is held to compliance with the rules, while the defendant is allowed to ignore them, a reversal is a matter of course.

JOHNSTON, C. J., and MARSHALL, J., concur in this dissent.