No. 20,475.

F. A. ANDREWS, *Appellee,* v. THE UNION PACIFIC RAILROAD COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. SHIPMENT OF GRAIN—*From Kansas—Consigned to Point in Missouri—Reconsigned in Transit to Point in Kansas—Interstate Commerce.* A shipment of grain from a point in Kansas consigned to a point in Missouri was sold by the consignee to a dealer for delivery in Kansas before it had reached the state line. It was subsequently taken across the state line and back again to an elevator in Kansas, where it was unloaded. *Held,* that the shipment constituted interstate commerce.

2. SAME—*Loss from Interstate Shipment—Recoverable Only Under Federal Law.* A recovery for the loss of property received for transportation in interstate commerce is provided for by a federal law which superseded state statutes on the subject and must be based on that law, but an instruction of the court advising the jury that the recovery for the loss might rest on compliance with the terms of a state statute does not require a reversal of the judgment fixing the amount of the loss since it appears that the erroneous instruction could not have prejudiced the substantial rights of the defendant.

3. SAME—*Loss Recovered Under Federal Law—Attorney's Fee Invalid.* The allowance of an attorney's fee in the action to recover the loss and for which provision is made in a state statute is unwarranted and invalid.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed December 9, 1916. Affirmed in part and reversed in part.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, for the appellant.

*J. K. Cubbison,* of Kansas City, *Hal R. Lebrecht,* and *Arthur J. Bolinger,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: F. A. Andrews brought this action against the Union Pacific Railroad Company to recover for the loss of a portion of a shipment of corn and for an attorney's fee.

On September 1, 1914, the plaintiff shipped from Rossville, Kan., 66,000 pounds of corn to a commission firm in Kansas City, Mo., the bill of lading reading in part as follows:

"Consigned to order of F. A. Andrews, destination Kansas City, Mo., county of ———, notify Watkins Grain Company at Kansas City, Mo.," etc.

The car arrived at the Union Pacific yards in Kansas City, Kan., on September 3, and the grain company sold the corn to another firm to be delivered at an elevator in Rosedale, Kan., and ordered the defendant to transfer the car to that point. The defendant's record of this order is as follows:

"KANSAS CITY, Mo., 9-3-1914.
"Received of Watkins Grain Company bill of lading and order for car 121,186. Ordered to Frisco. For Rosedale Elv. This order will be duly executed.
"(STAMP.)        :        Union Pacific Railroad:
"Received Sept. 3, 1914, Kansas City, Mo.,
"F. D. Fox, *Agent.*"

The car was thereupon hauled across the state line into Missouri and transferred to the Frisco lines, over whose tracks it was hauled back again into Kansas to the elevator at Rosedale. The grain was there weighed and the car was found to contain but 61,220 pounds, making a shortage of 4780 pounds. On September 16, 1914, plaintiff's agent mailed to the defendant's agent at Kansas City, Mo., a claim for this loss, giving the value as $66, and again on March 8, 1915, he delivered to the agent at Rossville, Kan., a written notice that he had suffered a loss of $64.95, in which he made a demand for damages in the sum of $60 only, and stated that if the same was not paid within thirty days suit would be brought for its recovery with a reasonable attorney's fee. This action was commenced on April 17, 1915. At the trial the court instructed the jury upon the theory that chapter 240 of the Laws of 1911 was the governing statute, and that before the plaintiff could recover for his loss he must prove that he had made a

demand upon the defendant for payment of the amount claimed, sixty days prior to the commencement of the action. The verdict was in favor of the plaintiff, awarding him damages in the sum of $60, with an attorney's fee of $50, and in answer to special questions the jury stated that the demand for payment of the amount claimed was made upon defendant on or about September 16, 1914. The defendant appeals.

The statute which controls the disposition of the case depends upon the character of the shipment. If it is intrastate the Kansas statute governs, but if interstate it is controlled by the congressional act commonly designated as the Carmack amendment. That the shipment in question was interstate there can be no doubt. The consignment was from a point in Kansas to a point in Missouri. The shipment was taken across the state line to the place of consignment in another state, but the car was subsequently returned to an elevator in Kansas and there unloaded. The fact that the car was brought back into Kansas and unloaded there did not take away the interstate character of the shipment, nor would the character of the shipment have been changed even if a delivery had been made before the car crossed the state line into Missouri. In *Shipping Association v. Railway Co.*, 97 Kan. 235, 154 Pac. 1126, it was said:

"A shipment of goods consigned to a point in another state constitutes interstate commerce, notwithstanding an actual delivery is made before a state line is crossed." (Syl. ¶ 2.)

Other cases to the same effect are *Leibengood v. Railway Co.*, 83 Kan. 25, 109 Pac. 988; *Horse & Mule Co. v. Railway Co.*, 95 Kan. 681, 149 Pac. 436; and *Enright v. Railway Co.*, 96 Kan. 546, 152 Pac. 629.

Congress having legislated upon the subject of interstate shipments of this character, neither of the state statutes relied upon by the plaintiff is available. (Part 1, 34 U. S. Stat. at Large, ch. 3591, p. 595; *Adams Express Co. v. Croninger*, 226 U. S. 491.) The legislature of Kansas, however, did not intend that chapter 240 of the Laws of 1911 should be applied to interstate shipments as its application was expressly limited to "transportation from one point in this state to another point in this state." (§ 1.) Neither can the action be based on section 7107 of the General Statutes of 1909, which pro-

vides for the recovery of an attorney's fee since the subject is covered by the Carmack amendment. The fact that the court submitted the case upon a statute not applicable and which required that a notice of the loss and a demand for payment should have been made sixty days prior to the beginning of the action, will not preclude a recovery for the loss actually sustained. Under the federal law the defendant is liable for any loss, damage or injury to property received by it for transportation. There was a loss of plaintiff's corn shipped over defendant's line, and the latter was given notice of the loss and a reasonable opportunity to pay it before the action was brought. It is true there was some confusion in the demands made by plaintiff upon the defendant. One was made on September 16, 1914, and in that the loss was fixed at 4780 pounds for which $66 was asked. Another was made on March 8, 1915, claiming a loss of 4780 pounds of corn and the amount claimed for it was $64.95, but the amount demanded was only $60 and this was the amount awarded by the jury. The quantity of corn for which claim was made was the same in each demand, but there appears to have been doubt as to the value of the corn. In their special findings the jury stated that the demand was made on September 16, 1914, but this finding probably resulted from the instruction of the court which submitted the case under the act of 1911. It is manifest that this error did not operate to the prejudice of the defendant. There could have been no doubt as to the quantity of corn that was lost and very little as to its market price. The final demand was for $60 and ample time was given the defendant to pay the loss before the action was brought. Although the case was erroneously submitted under an inapplicable statute, we are satisfied that the error did not affect the substantial rights of the defendant, and the court is not warranted in reversing a judgment unless it affirmatively appears to have prejudiced the substantial rights of the complaining party. (Civ. Code, § 581; *Akin v. Davis,* 11 Kan. 580; *Woodman v. Davis,* 32 Kan. 344, 4 Pac. 262; *Ft. S. W. & W. Rld. Co. v. Karracker,* 46 Kan. 511, 26 Pac. 1027; *Sutter v. Harvester Co.,* 81 Kan. 452, 106 Pac. 29.)

As the federal law supersedes state statutes on the subject, and the recovery is based on that law instead of section 7107 of the General Statutes of 1909 which provides that an attor-

ney's fee may be allowed in certain cases, the court was not warranted in awarding an attorney's fee. Even if the statute authorizing the allowance of an attorney's fee should be treated as general in its application it could not be applied to recoveries under the federal statute. In recent decisions of the federal supreme court state regulations of this kind are held to be discriminatory and in conflict with the act of congress regulating interstate commerce. (*Charleston & Car. R. R. v. Varnville Co.*, 237 U. S. 597; *Atchison & Santa Fe Ry. v. Vosburg*, 238 U. S. 56.)

The judgment of the district court awarding the plaintiff damages in the sum of $60 will be affirmed, but it will be reversed as to the awarding of an attorney's fee.